## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No.: 8:25-cv-00731-CEH-SPF

BANKERS WARRANTY GROUP, INC.,
d/b/a CENTRICITY, a Florida corporation,

    *Plaintiff,*

v.

BOOM! TECHNOLOGIES, INC., a Delaware
corporation
    *Defendant*.

_____/

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant, BOOM! TECHNOLOGIES, INC. ("Defendant" or "BOOM"), by

and through the undersigned counsel, submits this Motion to Dismiss the Complaint

[D.E. 1] filed by Plaintiff, BANKERS WARRANTY GROUP, INC., d/b/a

CENTRICITY ("Plaintiff" or "CENTRICITY"), and in support thereof, Defendant

states as follows:

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

Page 1

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the facts alleged in a complaint.[1] In determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pled facts as true to determine whether the complaint states a plausible claim for relief. *Aschcroft v. Iqbal*, 556 U.S. 1937, 1949 (2009). But "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry,* 738 F.3d 1246, 1251 (11th Cir. 2013) (internal citation and quotation omitted).  A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

---

[1] *See* Fed. R. Civ. P. 12(b)(6).

Page 2

Regardless of a plaintiff's allegations, "the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993). Therefore, while "notice pleading does not require a plaintiff to specifically plead every element of his cause of action, a complaint must still contain enough information regarding the material elements of a cause of action to support recovery under some 'viable cause of action.'" *Am. Fed'n of Labor & Congress of Indus. Org. v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (internal citation and quotation omitted).

The Eleventh Circuit has regularly reiterated that the district courts carry a "supervisory obligation" to ensure that complaints comply with the requirements of Fed. R. Civ. P 8 and 10. *Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1275 (11th Cir. 2006). This obligation, likewise, requires that plaintiffs link the claims they make to the relevant factual predicates upon which those claims are premised with sufficient specificity to permit defendants (and courts) to comprehend the nature of the allegations their complaints contain. *Lampkin-Asam v. Volusia County School Bd*., 261 Fed. Appx. 274, 277 (11th Cir. 2008). Additionally, the Eleventh Circuit follows Twombly as a "further articulation of the standard by which

Trembly Law Firm
9700 S. Dixie Highway, PH 1100, Miami, Florida 33156 | Ph. (305) 431-5678
www.tremblylaw.com

to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008).

**I.      Count I (Breach of Contract) Should Be Dismissed for Failure to State a Cause of Action Pursuant to Fed. R. Civ. P. 12(b)(6).**

To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly,* 550 U.S., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief." *Id.,* at 557 (brackets omitted).

To state a cause of action for Breach of Contract, Plaintiff must plead the following elements: (1) a contract; (2) a breach of the contract; and (3) damages resulting from the breach of the contract. *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir. 1999). It is appropriate to dismiss a breach of contract claim

Trembly Law Firm
9700 S. Dixie Highway, PH 1100, Miami, Florida 33156 | Ph. (305) 431-5678
www.tremblylaw.com

if it fails to state which provision of the contract was breached. *Cruz v. Underwriters at Lloyd's London*, 2014 WL 389179, *3 (M.D. Fla. 2014) (citing *Whitney Nat. Bank, SDC Cmtys., Inc.,* No, 8:09-cv-1788-EAK-TBM, 2010 WL 1270264, at *3 (M.D.Fla. 2001);*Gentry v. Harborage Cottages-Stuart, LLLP*, No. 08-14020-CIV, 2008 WL 1803637, at *3 (S.D. Fla. Apr. 21, 2008) (dismissing breach of contract claim where allegations failed to provide sufficient reference to a specific term of the contract that was breached); *See also Garay v. Select Portfolio Servicing Inc.,* 1:19-CV-23323-JLK, 2020 WL 10823745 (S.D. Fla. Aug. 7, 2020), report and recommendation adopted, 1:19-CV-23323-JLK, 2020 WL 10823759 (S.D. Fla. Aug. 31, 2020)( "The breach of contract claim, Count II, does not sufficiently allege a breach of the contract because it fails to specify which provision of the Mortgage was allegedly breached."). In fact, where a plaintiff fails to put a defendant on notice of the specific provisions of the contract allegedly breached, a plaintiff has done nothing more than allege insufficient "the-defendant-unlawfully-harmed me" accusations. *Whitney Nat. Bank,* 2010 WL 1270264, *3 (citing Iqbal, 129 S. Ct. at 1949); *George v. Wells Fargo Bank, N.A.,* 2014 WL 61487, *4 (S.D. Fla. 2014) (failing to identify which provision of a contract has been breach "runs afoul of Twombly.").

Page 5

Here, Count I fails to meet the required pleading standards, as the Plaintiff does not specify any contractual terms that Defendant is alleged to have breached. Instead, Plaintiff broadly claims that Defendant material breached the Program Agreement by a series of actions stated in paragraph 37 of the Complaint; however, the Complaint does not identify the specific provisions of the Program Agreement where those obligations allegedly arise.[2] This omission results in a lack of clarity regarding the alleged damages incurred by the Plaintiff. While Plaintiff's allegations may describe the ultimate harm purportedly arising from Defendant's alleged actions (or inaction), it does not specify which, if any, contractual term, duty, procedure, or any other requirement Defendant was required to follow as part of the Program Agreement.

In sum, Plaintiff has alleged in a conclusory fashion that it was harmed but has failed to properly allege the existence of a specific contractual term that may give rise to the alleged breach of contract. Furthermore, identification of the specific provision Defendant is alleged to have breached is crucial to assessment of what

---

[2] The Service Agreement attached and incorporated into the Complaint identifies a myriad of obligations bestowed upon the Defendant; however, simultaneously incorporates within the same section, a separate and narrower scope of work the Defendant was allegedly obligated to perform in its attachment C. Making it uncertain as to what specific obligations, if any, the Defendant was in an alleged breach of.

Page 6

defenses might apply under Program Agreement. For these reasons, Count I should be dismissed for its failure to state a cause of action.

## II.     Count II (Conversion) Should Be Dismissed with Prejudice Pursuant to the Independent Tort Doctrine.

It is well established that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract. *See Island Travel & Tours, Ltd., Co. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1239 (Fla. 3d DCA 2020) (holding that evidence merely established existence of a contractual dispute, and not a criminal intent prior to alleged breach, and thus ticket seller could not prevail on claim for civil theft against former partner of failed joint venture); *Peebles v. Puig*, 223 So. 3d 1065, 1068 (Fla. 3d DCA 2017) ("It is well settled in Florida that, where alleged misrepresentations relate to matters already covered in a written contract, such representations are not actionable in fraud."); *cf Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. 4th DCA 2021) (finding that independent tort doctrine did not preclude conversion claim where plaintiff was not a party to the contract). This principle is "rooted in the notion that, when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." *Peebles*, 223 So. 3d at 1068. "[A] simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil

Page 7

theft. . . This is not to say that there can never be a claim for civil theft or conversion

if there is a contractual relationship between the parties, but rather that the civil theft

or conversion must go beyond, and be independent from, a failure to comply with

the terms of a contract." *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d

DCA 2008). "Where damages sought in tort are the same as those for breach of

contract a plaintiff may not circumvent the contractual relationship by bringing an

action in tort." *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 494 (Fla. 3d

DCA 1994).

Here, Plaintiff does not assert that Defendant embezzled money from an

escrow account.[3] The Plaintiff's claim is essentially that Defendant did not use the

Program Launch Fund as contemplated in section 9(a) of the Service Contact

Program Agreement between the parties, to wit, "to be utilized by Dealer for

Program support activities, IT development, front-line messaging and marketing,

---

[3] *Cf. Walker v. Figarola,* 59 So. 3d 188, 190–91 (Fla. 3d DCA 2011) ("First, in order for there to be a conversion where money is involved, "'there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.'" *Id.* at 1056 (quoting *Futch v. Head,* 511 So.2d 314, 320 (Fla. 1st DCA 1987)); *see also Masvidal v. Ochoa,* 505 So.2d 555, 556 (Fla. 3d DCA 1987) (specifying that civil theft and conversion can be asserted where a party embezzles funds from an escrow account). Here, as in *Gasparini,* the parties did not contemplate that Figarola would keep the $25,000 loan in a separate account or hold the funds in a trust or escrow account. There is no allegation that the Walkers in any way directed how the money would be used by Figarola, and the second amended complaint clearly reflects no such intent. Thus, it is clear that the Walkers' complaint failed to state a cause of action for conversion.")

Trembly Law Firm
9700 S. Dixie Highway, PH 1100, Miami, Florida 33156 | Ph. (305) 431-5678
www.tremblylaw.com

and retailer commissions, engagement in relation to the Program." Stated another way, this conversion claim is nothing more than a breach of contract claim in which Plaintiff claims that Defendant did not use the funds as required by the Agreement. This is further established by the fact that the damages sought by Plaintiff--$1,000,000.00—are the same exact damages sought by the Plaintiff in its breach of contract count. Accordingly, the conversion count cannot proceed pursuant to the independent tort doctrine because the alleged conversion does not go beyond, nor is it independent from, an alleged failure to comply with the terms of the Agreement. Therefore, Count II for Conversion should be dismissed with prejudice.

**III.    Count III (Civil Theft) Should Be Dismissed with Prejudice Pursuant to the Independent Tort Doctrine.**

As stated *infra* in section II, it is well established that a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract—this is known as the independent tort doctrine. *Island Travel & Tours, Ltd., Co.*, 300 So. 3d at 1239. Furthermore, alleged civil theft must go beyond, and be independent from, a failure to comply with the terms of a contract. *Gasparini*, 972 So. 2d at 1055; *see also Invo Florida, Inc. v. Somerset Venturer, Inc.*, 751 So. 2d 1263, 1265 (Fla. 3d DCA 2000) ("An independent tort requires proof of facts that are distinct from breach of contract."). "Where damages sought in tort are the same

Page 9

as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort." *Ginsberg*, 645 So. 2d at 494.

Here, Plaintiff does not allege that Plaintiff has embezzled or refuses to return monies that were given to the Defendant to temporarily hold in a segregated and identifiable account, which the defendant then refuses to return. *See Epoch Int'l Partners, LLP v. Bigfoot Inc.,* 587 F. Supp. 3d 1214, 1221 (S.D. Fla. 2022). The Plaintiff's claim is essentially that Defendant did not use the Program Launch Fund as contemplated in section 9(a) of the Service Contact Program Agreement between the parties, to wit, "to be utilized by Dealer for Program support activities, IT development, front-line messaging and marketing, and retailer commissions, engagement in relation to the Program." This is made clear in paragraph 48 where Plaintiff alleges, "BTI unlawfully, knowingly, and through false pretenses, obtained and used Program Launch Funds in the amount of $1,000,000, and knowingly deprived Centricity of the Program Launch Funds with the intent to permanently deprive Centricity of the right to the money and benefit thereof, for BTI's own use, **for purposes other than those authorized by Centricity**." In fact, in paragraph 49 of the Complaint, Plaintiff uses the contractual term of "Program Launch Fund" to refer to the alleged stolen property. Furthermore, the alleged actual damages sought by Plaintiff—$1,000,000.00—are the same exact damages sought by the Plaintiff in

Page 10

its breach of contract count. Accordingly, the civil theft count cannot proceed pursuant to the independent tort doctrine because the alleged conversion does not go beyond, nor is it independent from, an alleged failure to comply with the terms of the Agreement. Therefore, Count III for Civil Theft should be dismissed with prejudice.

**IV.   Alternatively, Count III (Civil Theft) Should Be Dismissed for Failure to State a Cause of Action Pursuant to Fed. R. Civ. P. 12(b)(6).**

"To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent. If there was no factual basis to support a claim for conversion, there can be no cause of action for civil theft." *Heldenmuth v. Groll*, 128 So. 3d 895, 896 (Fla. 4th DCA 2013) (internal citations and quotation marks omitted). "Under Florida law, a necessary element for establishing the crime of theft is that the defendant had, prior to the commission of the act, an intent to commit a theft." *Rosen v. Marlin*, 486 So. 2d 623, 625 (Fla. 3d DCA 1986). As explained by the court in *Epoch Int'l Partners, LLP v. Bigfoot Inc.*, 587 F. Supp. 3d 1214, 1221 (S.D. Fla. 2022):

> "Where the property at issue is also the subject of a contract between the parties, a civil theft claim requires additional proof of 'an intricate sophisticated scheme of deceit and theft.'" *Id.* (quoting *Trend Setter Villas of Deer Creek v. Villas on Green,* 569 So.2d 766, 767 (Fla. 4th DCA 1990)). For instance, civil theft may be found despite the existence of a contract "where

Page 11

defendants or their employees have stolen or embezzled funds, which were entrusted to them by the plaintiffs, for their own benefit." *Pharma Funding, LLC v. FLTX Holdings, LLC,* 2021 WL 1166051, at \*6-7 (S.D. Fla. Mar. 8, 2021) (citations omitted). Additionally, a civil theft may arise "when a plaintiff owns funds and the money is given to the defendant to temporarily hold in a segregated and identifiable account, which the defendant then refuses to return." *Id.* "[T]he civil theft ... must go beyond, and be independent from, a failure to comply with the terms of the contract." *Id.* at \*6 (quoting *Ginsberg v. Lennar Fla. Holdings, Inc.,* 645 So. 2d 490, 495 (Fla. 3rd DCA 1994)).

"Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort." *Walker v. Figarola*, 59 So. 3d 188, 190–91 (Fla. 3d DCA 2011).

Here, the Plaintiff does not assert: (1) an intricate sophisticated scheme of deceit and theft; (2) allegations of embezzlement of funds from a segregated and identifiable account; or (3) that Defendant had the intent to commit theft prior to the actions (including the execution of the contract and obtaining the funds). Furthermore, for the reasons stated *infra*, Plaintiff's conversion claim must fail and there cannot be a civil theft without conversion. For these reasons, the Plaintiff fails to state a cause of action for civil theft, and the count should be dismissed.

**V.    Alternatively, Count III (Civil Theft) Should Be Dismissed for Failure to State a Cause of Action Pursuant to Fed. R. Civ. P. 9(b).**

Page 12

While Plaintiff labels the count as a civil theft claim, it generally alleges in paragraphs 48 and 49 of the Complaint that Defendant through false pretenses induced Centricity to issue the Program Launch Funds. Accordingly, Plaintiff improperly combines a fraudulent inducement claim with a civil theft claim. Additionally, the fraudulent inducement claim is not properly pled.

When a Plaintiff alleges fraud, the Plaintiff must meet the heightened pleading standard of Rule 9(b) and must allege "precisely what statements were made," "the time and place of each such statement and the person responsible for making [it]," the "content of such statements and the manner in which they misled the plaintiff," and "what the defendants obtained as a consequence of the fraud." *See Uniq Branch Off. Mexico, S.A. de C.V. v. Steel Media Grp., LLC*, No. 22-23876-CIV, 2023 WL 6294841, at *7 (S.D. Fla. Sept. 27, 2023) (citing to *Durden v. Citicorp Trust Bank, FSB*, No. 3:07-cv-974-J-33JRK, 2008 WL 2098040, at *13–14 (M.D. Fla. May 16, 2008)). "Under Rule 9(b), 'a party must state with particularity the circumstances constituting fraud or mistake,' although 'conditions of a person's mind,' such as malice, intent, and knowledge, may be alleged generally. FED. R. CIV. P. 9(b). Additionally, '[m]isrepresentations relating to the breaching party's performance of a contract do not give rise to any independent cause of action in tort, [where] such misrepresentations are interwoven and indistinct from the heart of the contractual

Page 13

agreement.'" *Id.* (citing to *Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So. 2d 74, 78 (Fla. 3d DCA 1997)). Furthermore, "[i]t is well settled in Florida that, where alleged misrepresentations relate to matters already covered in a written contract, such representations are not actionable in fraud. It is similarly well settled that, for an alleged misrepresentation regarding a contract to be actionable, the damages stemming from that misrepresentation must be independent, separate and distinct from the damages sustained from the contract's breach.") *Peebles,* 223 So. 3d at 1068.

Count III fails to meet the heighted pleading requirements of Rule 9(b) as it does not: 1) state with particularity the circumstances constituting the alleged fraud; 2) precisely what statements were made; 3) the time and place of each such statement and the person responsible for making it; 4) the content of such statements and the manner in which they misled the plaintiff; and 5) what the defendant obtained as a consequence of the fraud. As such, even if the Plaintiff properly pled this as a civil theft claim, by asserting fraud, it is required to comply with the pleading requirements of Rule 9(b), and it did not do so. As such, Count III fails to state a cause of action.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Page 14

Defense counsel certifies that they have conferred with Plaintiff's counsel via phone and email on Wednesday April 16, 2025, and that Plaintiff's counsel does not agree to any of the requested relief.

**WHEREFORE**, Defendant, BOOM! TECHNOLOGIES, INC., respectfully requests this Honorable Court to consider this Motion and **GRANT**:

     i.    dismissal of Count I (Breach of Contract);

    ii.    dismissal with prejudice of Count II (Conversion); and Count III (Civil Theft) pursuant to the Independent Tort Doctrine;

   iii.    Alternatively, dismissal without prejudice of Counts II and III, for failure to state a cause of action; AND

   iv.    any other further relief this Court may deem as just and proper.

Respectfully submitted,

TREMBLY LAW FIRM
*Attorneys for Defendant, BOOM!*
*TECHNOLOGIES, INC*
9700 South Dixie Highway, PH 1100
Miami, Florida 33156
Telephone: (305) 431-5678

By: /s/ *Christian E. Rodriguez*
**CHRISTIAN E. RODRIGUEZ, ESQ.**
Florida Bar No. 83405
E-Mail: christian@tremblylaw.com
E-Mail: service2@tremblylaw.com
**JONATHAN D. CARVAJAL, ESQ.**

Page 15

Florida Bar No. 121485
E-Mail: jonathan@tremblylaw.com
E-Mail: service2@tremblylaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

electronically filed via CM/ECF System and served to all counsel of record on April

17, 2025.

By: /s/ *Christian E. Rodriguez*
**CHRISTIAN E. RODRIGUEZ, ESQ.**

Page 16